**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kelly Dean Osborn, | ) | |
| | ) | No.  CIV 04-1459 PHX RCB |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| Dora Schriro, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On August 27, 2001, Petitioner pled guilty to one count of misconduct involving weapons, on count of forgery and one count of theft in Arizona state court.  Exs. B & V (doc. 23).  He timely filed a Petition for Writ of Habeas Corpus on July 16, 2004, advancing five claims for relief.  Pet. (doc. 1).  Magistrate Judge Verkamp issued a Report and Recommendation (R&R) (doc. 28) and Petitioner filed objections, which were construed as timely by the Court.  Objs. (doc. 32); Order (doc. 31).  The Court has reviewed the record, the R&R, Petitioner's objections, and all other pertinent information and now rules.

. . .

## I. Background Facts

For purposes of this order only, the Court shall adopt the factual and procedural background described in the R&R.

On May 9, 2001, Petitioner was indicted in the Superior Court of Arizona in Maricopa County, case number CR2001-06840, on one count of possession of dangerous drugs and one count of misconduct involving weapons, each classified as a class 4 felony. Ex. A (doc. 23). On August 27, 2001, Petitioner pled guilty to the weapons misconduct charge, pursuant to a plea agreement acknowledging that he had previously been convicted of theft. Ex. B (doc. 23). Thereafter, on November 16, 2001, Petitioner was sentenced to a total of eight years in prison pursuant to his conviction in CR2001-06840. Ex. G (doc. 23). The trial court ordered that this sentence be served concurrently with the sentence imposed pursuant to Petitioner's conviction in case number CR2001-09112. Id.

On June 14, 2001, Petitioner was indicted in the Superior Court in Maricopa County case number CR2001-09112 on one count of forgery, a class 4 felony, and one count of theft, a class 5 felony. Ex. U (doc. 23). On August 27, 2001, Petitioner pled guilty to the forgery charge in a plea agreement that acknowledged a prior felony theft conviction. Ex. V (doc. 23). Petitioner was sentenced to a total of eight years in prison for his conviction in CR2001-09112 on November 21, 2001. Ex. AA (doc. 23). The sentence imposed was to run concurrently with Petitioner's sentence in CR2001-06840. Ex. J (doc. 23). In each of these cases the trial court imposed a six-year sentence for the substantive conviction, and further imposed a consecutive two-year sentence, pursuant to

Arizona Revised Statutes § 13-604(R), because Petitioner was on release on bond in CR2001-18030 when he committed the substantive offenses in CR2001-09112 and CR2001-06840.  Ex. G (doc. 23); Ex. J (doc. 23).

In the plea agreement entered in CR2001-06840, the prosecution agreed not to allege five of Petitioner's six prior felony convictions and agreed not to file any further drug charges or weapons misconduct charges arising from a City of Glendale investigation and a Maricopa County Sheriff's Office investigation. Ex. B (doc. 23).  Pursuant to the plea agreement, the prosecution agreed to dismiss a criminal case against Petitioner, i.e., CR2000-018030, which alleged weapons misconduct and felony possession of marijuana.  Ex. B (doc. 23).

**II. Procedural Background**

On July 9, 2002, Petitioner filed a Rule 32 Petition for Post-Conviction Relief, raising ten issues for relief, including a claim that he had been denied the effective assistance of counsel and a claim that his guilty pleas, convictions, and sentences violated his federal constitutional rights.  Ex. I (doc. 23).  On October 10, 2002, the Superior Court in Maricopa County dismissed Petitioner's action, concluding that his claims regarding the trial court's alleged lack of jurisdiction, ineffective assistance of counsel, and improper sentencing were without merit.  Ex. L (doc. 23). Petitioner filed a Petition for Review by the Arizona Court of Appeals.  Ex. M (doc. 23).  On January 5, 2004, the Arizona Court of Appeals denied the petition for review.  Ex. N (doc. 23).

Petitioner filed another Rule 23 Petition for Post-Conviction Relief on April 24, 2004, again seeking review of his conviction

1  and sentence in both CR2001-06840 and CR2001-09112.  Ex. S (doc.
2  23).  Petitioner asserted in this petition that the government had
3  violated the plea agreements by imposing concurrent eight-year
4  sentences when he believed the plea agreement provided for
5  concurrent, consecutive six-year and two-year sentences.  Id.  In
6  addition, Petitioner alleged that his sentences exceeded the
7  maximum penalty allowed by law.  Id.  Petitioner also argued that
8  the plea agreement required the prosecution to return seized
9  property and, therefore, that the government breached the plea
10 agreement because it did not return at least one of Petitioner's
11 guns to Petitioner's wife.  Id.  Petitioner further asserted that
12 there had been a significant change in the law that warranted
13 reconsideration of his sentence.  Id.

14     The Superior Court dismissed the action on May 5, 2004,
15 concluding that the issues raised were precluded because they were
16 not raised in Petitioner's prior petition and because the claims
17 did not fit any of the exceptions to the state's procedural rule
18 regarding issue preclusion.  Ex. T (doc. 23).  The court rejected
19 Petitioner's assertion that there had been a significant change in
20 the law that affected his conviction and sentence.  Id.

21     On July 16, 2004, Petitioner filed a Petition for Writ of
22 Habeas Corpus By a Person in State Custody Pursuant to 28 U.S.C. §
23 2254.  Pet. (doc. 1).  In his petition, Petitioner alleges that:
24 (1)  he was denied his constitutional right to the effective
25      assistance of counsel because the trial court refused to
26      appoint his preferred counsel and because his advisory counsel
27      encouraged him to accept the government's plea agreements;
28 (2)  the trial court violated his First Amendment right to petition

-4-

1       the government and his right to due process by refusing to
2       hear Petitioner's motion challenging the trial court's
3       jurisdiction over Petitioner's claims;
4  (3) he was searched and his property was seized in violation of
5       his rights pursuant to the Fourth Amendment;
6  (4) his sentences are greater than the statutory maximum in
7       violation of his Eighth Amendment right to be free of cruel
8       and unusual punishment; and
9  (5) the plea agreements violated his constitutional rights and the
10      government has breached a plea agreement.
11 Pet. (doc. 1).  Respondents filed their answer on November 12,
12 2004.  (doc. 23).  On December 29, 2004, Magistrate Judge Verkamp
13 recommended that this Court enter an order denying habeas corpus
14 relief with prejudice on all of Petitioner's claims.  R&R (doc. 28)
15 at 26.

### III. Exhaustion of Claims

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1), (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 842-46 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994). The exhaustion requirement will not be met where

1  the Petitioner fails to fairly present his claims. Roettgen, 33
2  F.3d at 38. In order for a claim to be fairly presented the
3  petitioner must describe both the operative facts and the federal
4  legal theory on which the claim is based. Bland v. Cal. Dep't of
5  Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other
6  grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000);
7  Tamalini v. Stewart, 249 F.3d 895, 898 (9th Cir. 2001).

8  If a petition contains claims that were not exhausted, the
9  federal court must determine whether state remedies remain
10 available to the petitioner. See Teague v. Lane, 489 U.S. 288, 297
11 (1989). If remedies are available in state court, then the federal
12 court may dismiss the petition without prejudice pending the
13 exhaustion of state remedies. Id. However, if the court finds
14 that the petitioner would have no state remedy were he to return to
15 the state court, then his claims are considered procedurally
16 defaulted. Id. at 298-99 (1989); White v. Lewis, 874 F.2d 599,
17 602-03 (9th Cir. 1989).

18 When habeas claims have been procedurally defaulted, "federal
19 habeas review of the claims is barred unless the prisoner can
20 demonstrate cause for the default and actual prejudice as a result
21 of the alleged violation of federal law, or demonstrate that
22 failure to consider the claims will result in a fundamental
23 miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750
24 (1991); see also, Schlup v. Delo, 513 U.S. 298, 321 (1995); Murray
25 v. Carrier, 477 U.S. 478, 495-96 (1986). "'Cause' is a legitimate
26 excuse for the default and 'prejudice' is actual harm resulting
27 from the alleged constitutional violation." Thomas v. Lewis, 945
28 F.2d 1119, 1123 (9th Cir. 1991) (citing Magby v. Wawrzaszek, 741

1  F.2d 240, 244 (9th Cir. 1984)).

2  Here, Respondents contend that Petitioner's Fourth Amendment
3  claim was not raised at the lower courts and, thus, is not
4  exhausted. Answer (doc. 23) at 17. In the R&R, Judge Verkamp
5  elected to review the merits of all of Petitioner's claims, and,
6  finding that each should be denied on the merits, concluded that an
7  analysis of the exhaustion argument was unnecessary. R&R (doc. 28)
8  at 8. This Court agrees.

**IV. Legal Standard for Reviewing Exhausted Claims**

This Court may not grant a writ of habeas corpus to a state prisoner on a claim that was adjudicated on the merits in state court proceedings unless the state court reached a decision contrary to clearly established federal law, or one involving an unreasonable application of clearly established federal law, or unless the state reviewing court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d).

> A state court's decision [] involve[s] an "unreasonable application" of federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable.

Van Tran v. Lindsey, 212 F.3d 1143, 1150 (9th Cir. 2000). A federal court must presume the correctness of the state court's factual findings regarding the petitioner's claims and must also presume that the state court's decisions on witness credibility were correct. 28 U.S.C. § 2254(e)(1); Ortiz v. Stewart, 149 F.3d 923, 936 (9th Cir. 1998).

. . .

-7-

**V. Petitioner's Claims**

   **a. Inadequate Assistance of Counsel**

In Ground I of his petition, Petitioner asserts that his Sixth Amendment right to effective assistance of counsel was violated. Pet. (doc. 1) at 6-13. Specifically, Petitioner challenges the trial court's refusal to appoint a particular private attorney, James Tinker, as his counsel, and alleges that he was forced to defend himself, with advisory counsel. Id. at 8. In addition, Petitioner alleges that his plea was not voluntary because his public defender misled him into pleading guilty to the charges against him. Id. at 7. Lastly, Petitioner argues that he was "forced to choose between his constitutional right to be represented by counsel, and his right to a speedy trial." Id. at 10.

In order to establish that counsel's poor performance constituted a violation of the constitutional right to adequate assistance, a petitioner must establish both that counsel's performance fell below an objective standard of reasonableness and that as a result the petitioner was prejudiced. Strickland v. Washington, 466 U.S. 668, 687 (1984). In reviewing whether counsel's performance was deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (quotation omitted).

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only

>       whether some reasonable lawyer at trial could have
>       acted, in the circumstances, as defense counsel
>       acted at trial.

Coleman v. Calderon, 150 F.3d 1105, 1113 (9th Cir. 1998), judgment rev'd on other grounds, 525 U.S. 141 (1998).

When a petitioner challenges a conviction entered after a guilty plea, the "prejudice" prong of this test is modified; the petitioner must show the there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded to the charges against him and instead would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 57-59, 106 S. Ct. 366, 369-70 (1985). A lawyer's advice to plead guilty in the face of strong inculpatory evidence does not constitute ineffective assistance of counsel. See United States v. Cassidy, 428 F.2d 383, 384 (9th Cir. 1970).

On May 22, 2001, Petitioner filed a motion for dismissal of counsel in case number CR 2001-006840, arguing that his appointed counsel, Jerald Schreck, was legally conflicted because his office, the Maricopa County Public Defenders Office, was also representing Petitioner's co-defendant, Keri Winters, in that case. Ex. II (doc. 23). In addition to asking for the dismissal of counsel, Petitioner asked the trial court to allow him to proceed *in propria persona*. Id. On May 31, 2001, the trial court discharged Schreck, permitted Petitioner to proceed *pro per*, and appointed the Legal Defender's Officer to serve as advisory counsel to Petitioner. Ex. JJ (doc. 23). At some point, James Tinker of the Office of Court Appointed Counsel was appointed to represent Petitioner. On July 9, 2001, Tinker filed a motion to withdraw as the attorney of record, citing a conflict of interest. Ex. KK (doc. 23). On July

- 9 -

19, 2001, the court granted Tinker's motion and ordered the Office of Court Appointed Counsel to appoint new counsel. Ex. LL (doc. 23). Petitioner subsequently filed a motion to proceed without counsel, which the trial court granted. Ex. MM (doc. 23). However, the trial court appointed John Justin McGuire to serve as advisory counsel. Id. At the time petitioner entered into his plea agreement on August 27, 2001, Petitioner represented himself with the assistance of advisory counsel, John McGuire. Ex. B (doc. 23).

In the R&R, Judge Verkamp notes that it is arguable whether Petitioner is barred from bringing an ineffective assistance of counsel claim, because Petitioner represented himself, with advisory counsel, throughout his plea negotiation and sentencing proceedings. R&R (doc. 28) at 15-16 (citing Faretta v. California, 422 U.S. 806, 835, n.46, 95 S. Ct. 2525, 2541 n.46 (1975) ("a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'")). However, in any event, Judge Verkamp determines that the claims may be denied on the merits. R&R (doc. 28) at 17-19.

Here, the plea agreement entered into by Petitioner negated sentencing implications of five of his six prior felony convictions and resulted in the dismissal of criminal charges involving weapons misconduct and felony possession of marijuana. Petitioner offers nothing more than his own statements to support his claims that his guilty plea was involuntary and unknowing, and that his advisory counsel's advice to accept the plea agreement was not within the range of competence demanded by an attorney in his counsel's

position. Because Petitioner has not demonstrated that his counsel's performance was deficient or that, but for his counsel's advice, he would not have plead guilty, Petitioner's claim that he was deprived of ineffective assistance of counsel for the above described reasons fails.

Moreover, Petitioner's claim that his plea agreements are not valid because the court denied his motion to appoint a specific attorney to represent him also fails. "The denial of a motion to substitute counsel implicates a defendant's Sixth Amendment right to counsel" and can be raised in a federal habeas proceeding. Bland v. California Dep't of Corrections, 20 F.3d 1469, 1475 (9th Cir. 1994). However, Petitioner does not have an absolute right to counsel of his choice. See United States v. Mendoza-Salgado, 964 F.2d 993, 1015 (10th Cir. 1992). The Court concludes that Petitioner was not deprived of his Sixth Amendment right to counsel when the trial court did not grant his motion to substitute counsel.

Finally, any claims Petitioner intends to raise regarding a violation of his rights to a speedy trial are not viable. Allegations of violations of state speedy trial statutes are matters of state law and do not raise a constitutional question. See Favors v. Eyman, 466 F.2d 1325, 1327 (9th Cir. 1972).

**b. Claimed Violations of First Amendment Right to Petition and Right to Due Process**

In Ground II of his petition, Petitioner asserts that his First Amendment rights to be heard and to seek redress from the government, and his right to due process, were violated because the Arizona courts did not consider his motions challenging the state's

subject matter jurisdiction. Pet. (doc. 1) at 14-16. However, the record reflects that the trial court heard oral arguments and considered motions regarding Petitioner's claims that the police officers involved in his arrest were not properly certified, pursuant to Arizona state law, and, thus, the trial court lacked personal and subject matter jurisdiction over him. Exs. EE & FF (doc. 23). The trial court repeatedly denied Petitioner's motions to dismiss for lack of jurisdiction, and it also denied his petition for post-conviction relief in which he raised this issue. Exs. L & GG (doc. 23). Therefore, the Court agrees with the Judge Verkamp's conclusion that Petitioner's constitutional rights were not violated, because, as a matter of fact, his motions regarding the trial court's jurisdiction were heard and decided by the trial court, and were subsequently considered by the Arizona Court of Appeals.

Additionally, the Court agrees that Petitioner's criminal proceedings were not a "complete miscarriage of justice," making his claim not cognizable on federal habeas review. See Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998); Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir. 1991). Petitioner was allowed the opportunity to question the arresting officers' law enforcement certification, thus, he was not deprived of his federal right to due process.

**c. Claimed Violations of Fourth Amendment**

In Ground III of his petition, Petitioner asserts violations of his Fourth Amendment rights. Pet. (doc. 1) at 16-21. Basically, Petitioner argues that his conviction must be reversed because he was unlawfully arrested, searched and his property

- 12 -

seized. Id. at 20. Petitioner asserts that these acts were unlawful because "[t]he [arresting] officers were all operating with full knowledge that their certification requirements were not up-to-date[.]" Id.

A claim that the petitioner's arrest violated his Fourth Amendment rights does not provide a basis for granting federal habeas relief if the petitioner had the opportunity "for full and fair litigation" of the claim in the state courts. Stone v. Powell, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052 (1976). The relevant inquiry is whether the petitioner was provided an opportunity to litigate his claim, not whether he did in fact do so or whether the state court reached a correct decision regarding the legitimacy of the search and seizure. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996).

As Judge Verkamp noted in the R&R, Petitioner filed several motions in the trial court regarding the trial court's purported lack of jurisdiction resulting from an illegal search and seizure. Ex. EE (doc. 23). The trial court held a hearing regarding Petitioner's motions and, on October 26, 2001, denied such motions. Ex. FF (doc. 23). Petitioner raised his claim for a second time in the Arizona Court of Appeals, which ultimately denied review of this claim. Ex. N (doc. 23). Consequently, the Court agrees with Judge Verkamp's conclusion that Petitioner's federal habeas claim that his arrest was improper is foreclosed, because he was provided the opportunity to litigate this claim in the state courts. See Villafuerte v. Stewart, 111 F.3d 616, 627 (9th Cir. 1997).

### d. Claimed Violations of Eighth Amendment

In Ground IV of his petition, Petitioner argues that his

1  sentence was illegal because, as previously described, the trial
2  court did not have jurisdiction over his crimes and, therefore, the
3  sentence imposed pursuant to the plea agreement is illegal because
4  the plea agreement itself is a "nullity."  Pet. (doc. 1) at 23.
5  This issue has already been discussed and resolved by the Court.
6  Additionally, Petitioner alleges that he was sentenced to an
7  illegal sentence of 8 years in prison.  <u>Id.</u> at 27.  He argues that
8  the "plea was beyond the statutory maximum prescribed by law, and
9  it was an illegal plea agreement."  <u>Id.</u>  Specifically,
10 Petitioner contends that his sentencing to two concurrent six-year
11 terms of imprisonment followed by two concurrent two-year terms of
12 imprisonment violated his plea agreement's stipulation to two
13 concurrent eight-year sentences.  <u>Id.</u> at 24, 28-29.  He argues that
14 he could not be sentenced under A.R.S. § 13-604(R)[1] because he was
15 never indicted and convicted under this statute.  <u>Id.</u> at 28-29.
16      Federal habeas relief is not available for alleged errors in
17 the interpretation or application of state law, including a state's
18 sentencing statutes.  <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68,
19 112 S. Ct. 475, 480 (1991); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085
20 (9th Cir. 1985).  Consequently, Petitioner's assertion that his

---

[1]
A person who is convicted of committing any felony offense, which felony offense is committed while the person is released on bail or on the defendant's own recognizance on a separate felony offense or while the person is escaped from preconviction custody for a separate felony offense, shall be sentenced to a term of imprisonment two years longer than would otherwise be imposed for the felony offense committed while released on bond or on the defendant's own recognizance or while escaped from preconviction custody...

Ariz. Rev. Stat. Ann. § 13-604(R) (2001).

1 sentence was improper pursuant to Arizona statutory law is not a
2 cognizable claim for federal habeas relief.

3 **e. Claimed Violations of Plea Agreements**

4 In Ground V of his petition, Petitioner claims that he was
5 denied due process because the government breached the plea
6 agreements. Pet. (doc. 1) at 23-30. Basically, Petitioner asserts
7 that many of his constitutional rights were violated because the
8 trial court did not have jurisdiction over him and erred in denying
9 his motion to withdraw from the plea agreement on October 26, 2001.
10 Id. at 23-24. Additionally, Petitioner argues that his rights to
11 due process were violated because the prosecution breached the plea
12 agreements by not returning his seized property to his wife. Id.
13 at 24-25.

14 Due process requires that a defendant be allowed to withdraw a
15 guilty plea when the plea is not voluntary and intelligent, or when
16 the government breaches the agreement. See Stone v. Cardwell, 575
17 F.2d 724, 726 (9th Cir. 1978). Petitioner bears the burden of
18 establishing by a preponderance of the evidence that the
19 prosecution breached the contested plea agreements. See Bellew v.
20 Gunn, 532 F.2d 1288, 1290 (9th Cir. 1976).

21 A state court's findings relating to whether a defendant
22 knowingly and intelligently entered a guilty plea is a question of
23 fact to which a federal habeas court must accord a presumption of
24 correctness pursuant to 28 U.S.C. § 2255(d). See Marshall v.
25 Longberger, 459 U.S. 422, 435-37 (1983). This presumption "obtains
26 unless one of the circumstances listed in 28 U.S.C. § 2255(d)(1) to
27 (7) exists, unless the determination is not fairly supported by the
28 state court record, or unless the petitioner shows by convincing

1  evidence that the factual determination by the state court is
2  erroneous."  Tinsley v. Borg, 895 F.2d 520, 525 (9th Cir. 1990).
3       Here, the trial court concluded that Petitioner's claim that
4  his plea was not voluntary and intelligent lacked merit.  Ex. L
5  (doc. 23); see also Ex. N (doc. 23).  The Court finds this
6  determination not contrary to, or an unreasonable application of,
7  federal law because Petitioner, at the time of his guilty plea,
8  stated that the plea was knowing and voluntary.  Exs. B & V (doc.
9  23); see also Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1987)
10 ("In assessing the voluntariness of the plea, statements made by a
11 criminal defendant contemporaneously with his pleas should be
12 accorded great weight.").
13      In addition, the denial of a motion to withdraw a guilty plea
14 provides a basis for habeas relief only if the denial resulted in a
15 complete miscarriage of justice or the denial was inconsistent with
16 the rudimentary demands of fair procedure.  See United States v.
17 Timmreck, 441 U.S. 780, 783, 99 S. Ct. 2085, 2087 (1979).  The
18 Court concludes that Petitioner is not entitled to relief on this
19 claim, because he has failed to demonstrate that he had a "fair and
20 just" reason for withdrawing his guilty pleas.  See Shah v. United
21 States, 878 F.2d 1156, 1162 (9th Cir. 1989).
22      Lastly, the Court finds Petitioner's claim regarding the
23 return of his property to be not cognizable.  Petitioner asserts
24 that his due process rights were violated because the State
25 violated the plea agreement by not returning his gun to his wife.
26 Such a claim, however, has nothing to do with whether Petitioner's
27 conviction violated a federal constitutional or statutory right.  A
28 state prisoner must claim he is in custody in violation of a

federal constitutional or statutory right before he may receive relief through a writ of habeas corpus. <u>Estelle</u>, 502 U.S. at 68, 112 S. Ct. at 480. Consequently, the Court must reject this claim as not cognizable under habeas review.

Therefore,

IT IS ORDERED that Judge Verkamp's Report and Recommendation (doc. 28) is ADOPTED.

IT IS FURTHER ORDERED that Osborn's petition for writ of habeas corpus (doc. 1) is DENIED. The clerk is directed to enter judgment in favor of Respondents and to terminate this case.

IT IS FINALLY ORDERED that Osborn's filings entitled "Motion for: Disposition" (doc. 38), "Motion for: Judgment" (doc. 39), "Motion for: Status of Case and Request for Ruling" (doc. 40), and "Motion to Set and Certify Case for a Ruling" (doc. 41) are all DENIED as moot.

DATED this 30th day of August, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and Petitioner, pro se